JAMES MILLER, Defendant in Error, *v.* JOHN DUFF, WILLIAM OSBORN, and E. B. TALCOTT, Plaintiffs in Error.

*Practice—Pleading.*—A petition alleging the delivery of railroad ties at a railroad, and that the defendants, who were contractors for building the road, received said ties, and converted them to their own use in the construction of the road, sufficiently sets forth a contract binding upon the defendants.

*Practice—Evidence—Objections.*—The ground of objection to the admissibility of evidence must be stated in the bill of exceptions.

*Error to Macon Circuit Court.*

The defendant in error filed the following petition in the Macon Circuit Court:

Plaintiff states that heretofore, to wit, on or about the 1st day of September, 1858, at the county aforesaid, the defendants were partners, under the name and style of John Duff & Co., and were then and there doing business under the name and style aforesaid, in the grading, bridging and laying the ties and rails of a railroad from the city of Hannibal to the city of St. Joseph, in the State of Missouri.

· Plaintiff further states, that on the day last aforesaid, without sixty feet, and within two hundred from the bed or track of said railroad, and about one-half mile west of a place thereon, then and there being called Stockton, he, the said plaintiff, then and there delivered, and the said defendants then and there received, and appropriated to their own use, in the construction of said railroad, seven hundred and nineteen railroad ties, each of the length of eight feet, hewn on two sides, six inches thick, and facing seven inches, then and there worth thirty cents each, amounting to the sum of $215.70. And so the plaintiff says, that said defendants, by virtue of their implied contract with said plaintiff, in manner and form aforesaid, became, were and are liable to pay the plaintiff the value of said ties, so received, taken and appropriated, as aforesaid, which the said plaintiff avers then and there to have been worth the said sum of $215.70, for which

he asks judgment.  Defendants, by their answer, traversed
the delivery of the ties by the plaintiff as charged, and stated
that prior to the 1st day of July, 1858, some ties were de-
livered to them near Stockton, on said railroad, on a contract
between them and one Dexter Legate; that said ties were
estimated as the ties of said Legate, and the same were paid
for to him.

At the trial the plaintiff adduced evidence tending to prove
that he had got out some ties and had hauled them up to the
railroad near Stockton, and piled them up there, and after-
wards some of the same ties were seen in the track.  The
witnesses did not know how they got there, or who put them
there.  There was no number identified in the track, nor was
any evidence adduced as to the value of the ties.

The defendants proved by Dexter Legate, and the depo-
sition of the late Colonel Peabody and H. F. Stock, that said
Dexter Legate was a sub-contracter to deliver ties to John
Duff & Co. ; that he had made a contract with the plaintiff
to deliver five thousand ties to him, on the Hannibal and St.
Joseph railroad, near Stockton, with the privilege of deliver-
ing twenty thousand at twenty cents per tie—this contract
was made in 1857 ; that the plaintiff delivered some seven
hundred ties, or thereabouts, at the place agreed on as above ;
that six hundred of these ties passed inspection, and were
estimated to said Dexter Legate, on his contract with the de-
fendants, by the late Colonel Peabody, on the 1st of Feb-
ruary, 1858, who was the engineer in charge of that division,
and the money (twenty-five cents per tie,) all paid to said
Legate.  Kirby, a witness for defendants, testified, that, in
a conversation with the plaintiff in regard to these ties, he
said, that he, plaintiff, had " no contract with the defendants
for delivering ties."

The plaintiff read in evidence, for the purpose of proving
notice of his claim to the defendants, the *ex parte* certificate
of Colonel Peabody, not sworn to, as follows :

HANNIBAL, March 17th, 1859.

I hereby certify, that James Milton delivered, in the fall

of 1857, seven hundred and nineteen ties, which are in dispute between James Milton and Dexter Legate. Said ties were estimated on the section, and included in Legate's final estimate, but notice was given to meet Sickles several times in regard to the matter. Whether the amount was deducted or not from Legate, I cannot tell.          E. PEABODY.

To the reading of this certificate, in evidence, the defendants objected, and the court overruling the objection, they excepted.

The plaintiff then asked and the court gave the following instructions, to the giving of which the defendants excepted.

1. If the jury believe, from the evidence, that the ties were got out and hauled to the railroad, and used in the construction of the road, they will find for plaintiff, unless they believe from the evidence that plaintiff delivered the ties to Dexter Legate, on a contract with him, separate from the defendants, crediting Legate alone, and such contract existed at the time the ties were placed in the track.

2. If the jury believe, from the evidence, that the ties were placed in the track, and the defendants got the benefit of them, they will find for plaintiff, unless they find that there was a separate contract existing at the time the ties were put in the track, by which plaintiff looked to Legate for pay.

The defendants then asked the court to give the following instructions:

1. If the jury believe, from the evidence, that John Duff & Co. had dissolved partnership at the time the ties sued for were delivered and put into said railroad, they will find for the defendants.

2. The proof of partnership of defendants, in this case, devolves on plaintiff, and that said ties sued for were estimated and paid for by said John Duff & Co. to said Legate. If the jury believe, from the evidence, that Dexter Legate had a sub-contract with John Duff & Co. to deliver ties on the Hannibal and St. Joseph railroad, on the fourth division, east, and that plaintiff had a contract with said Legate to deliver ties on said railroad, on said division, by which con-

tract, he, Legate, was to pay plaintiff for said ties, at or near Stockton, during the construction thereof; and that the ties sued for in this case were delivered near Stockton, on said railroad, on said contract with said Legate, and estimated and paid for by said John Duff & Co. to said Legate, they will find for defendants.

3. If the jury believe, from the evidence, that plaintiff had a contract with Dexter Legate to deliver ties on the Hannibal and St. Joseph railroad, at or near Stockton, and did deliver the ties sued for in this case, on said contract, the law will require said Legate to pay therefor, in the absence of any agreement or stipulation to the contrary.

4. If the jury believe, from the evidence, that the ties sued for in this case were delivered near Stockton, on the Hannibal and St. Joseph railroad, on a contract with Dexter Legate, notwithstanding they may have been put into and used on the Hannibal and St. Joseph railroad, they will find for defendants.

The court gave those numbered one and two, and refused to give the third, to which refusal the defendants excepted. The cause was then submitted to the jury, who found a verdict for plaintiff, for the sum of $215.70 for ties, and $64.70 for damages, for interest. The defendants then filed a motion in arrest of judgment and for a new trial.

*James Carr*, for plaintiff in error.

I. The petition does not show any legal cause of action against the plaintiff in error.

It ought to be alleged that the plaintiff " sold and delivered the ties sued for to the defendants. These are the issuable facts. The word " sales " imports, *ex vi termini*, four things: first, proper parties; second, a thing which is the object of the contract; third, a price agreed upon; fourth, the consent of the contracting parties, and the performance of certain acts to complete the contract. " Sale " has been defined by an eminent writer to be a " transmutation of property from one man to another for a *money* price." (Smith's Mer-

cantile Law, 561; Glenny v. Hitchins, 4 How. Practice, 98; Bouv. Law Dic. " Sale," 495; Frazier v. Roberts, 32 Mo. 457, and authorities there cited; Boyce v. Brown, 7 Barb. 80.)

II. The Circuit Court improperly admitted the *ex parte* and unsworn certificate of the late Colonel Peabody, in evidence, on the part of the defendant in error. Colonel Peabody was not the agent of the plaintiffs in error; he was the agent of the railroad company; the engineer, in charge of the division on which these ties were delivered, and was placed by the railroad company to watch the contractors, John Duff & Co; in other words, he was antagonistic to the interests of John Duff & Co.

III. The instructions given on the part of the defendant in error do not lay down the law, applicable to the facts adduced in evidence, properly.

The first instruction is wrong, and calculated to mislead the jury, in laying down the proposition too broadly, in this: that the jury is not required to believe, or to find, that the plaintiff was the owner of the ties sued for, or whether he delivered them on a contract with the defendants or any other person.

BATES, Judge, delivered the opinion of the court.

The petition is sufficient to support the judgment. It states that the defendants were employed in building the railroad; that the plaintiff at a specified time delivered ties at the railroad, and the defendants then and there received them, and appropriated them to their own use. It is true that the petition does not state that the ties were delivered by the plaintiff to the defendants, but it does state a receipt of them by the defendants, at the same time and place with the delivery by the plaintiff, and the appropriation of them by the defendants to their own use, in the construction of the railroad.

The objection to the admission in evidence of the memorandum of Peabody is not so saved as to authorize this

court to look into it. The ground of the objection is not stated at all.

The instructions given for the plaintiff, taken with those given for the defendants, fairly stated the case to the jury, and there was nothing in the third instruction asked by the defendants which was not contained in the instructions already given.

Judgment affirmed. Judges Bay and Dryden concur.